UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHAW CONSTRUCTION CO., LUCILLE B. PAGLIA, DIANE PAGLIA, MELISSA PAGLIA AND ANTHONY D. PAGLIA,<br><br>Defendants. | CIVIL ACTION NO. CA 08 103 |

**COMPLAINT**

The Plaintiff, Travelers Casualty & Surety Company of America ("Travelers" or "Surety"), states and alleges for a cause of action against Shaw Construction Co., Lucille B. Paglia, Diane Paglia, Melissa Paglia and Anthony D. Paglia (hereinafter referred to collectively as the "Indemnitors") as follows:

**PARTIES**

1. The Plaintiff, Travelers is a Connecticut corporation authorized to do business and issue surety bonds in Rhode Island, among others, with a principal place of business in Hartford, Connecticut.

2. The Defendant Shaw Construction Co. ("Shaw"), upon information and belief, is a corporation with its place of business at 36 Hemlock Street, Providence, Rhode Island.

3. The Defendant Lucille B. Paglia, upon information and belief, is an individual residing at 162 Dean Street, Providence, Rhode Island.

4. The Defendant Diane Paglia, upon information and belief, is an individual residing at 4 Grandview Avenue, Lincoln, Rhode Island.

5. The Defendant Melissa Paglia, upon information and belief, is an individual residing at 162 Dean Street, Providence, Rhode Island.

6. The Defendant Anthony D. Paglia, upon information and belief, is an individual residing at 4 Grandview Avenue, Lincoln, Rhode Island.

## JURISDICTION

7. Court has jurisdiction in this matter under 28 U.S.C. §1332 as the plaintiff has citizenship diverse from the defendants, and the amount in controversy, exclusive of interest, exceeds $75,000.00. Venue is proper in this Court under, among other things, 28 U.S.C. §1391 as a substantial part of the events giving rise to the controversy arose in this district.

## BACKGROUND

8. At all times relevant to this action, Travelers has been in the business of, among other things, issuing payment and performance bonds to various obligees on various projects.

9. Shaw is a commercial construction contractor licensed to do business in the State of Rhode Island.

10. On or about December 3, 2003, Shaw, Lucille Paglia, Diane Paglia, Melissa Paglia and Anthony Paglia (hereinafter collectively referred to as the "Defendants" or "Indemnitors") executed a General Indemnity Agreement (the "GIA"). A true and correct copy of the GIA is attached hereto as Exhibit A and incorporated herein by reference.

11. Pursuant to the terms and conditions of the GIA, the Defendants are required to collateralize and to otherwise indemnify and save harmless Travelers from and against any and all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of whatever kind or nature which arise by reason of the execution by the Surety of any bond on behalf of the Principal. See Exhibit A.

12. At various times Travelers, as surety, issued to Shaw, as principal, various separate Payment and Performance Bonds, ("the Bonds").

13. As a direct and proximate result of Travelers' issuance of the Bonds, the Surety received and settled various performance and payment bond claims on the Bonds in excess of $3,000,000.

14. In addition, as a direct and proximate result of the Surety's issuance of the Bonds at the request of and on behalf of Shaw, the Surety has incurred and continues to incur legal and other expenses and costs.

15. The Surety also expects to sustain further losses in the form of additional attorneys' fees and expenses as a result of this litigation, all of which are recoverable under the specific terms of the GIA.

16. The GIA requires the Defendants to collateralize and otherwise hold the Surety harmless from all losses, costs, or expenses incurred in connection with the Bonds.

17. To date, the Indemnitors have failed and/or refused to reimburse and/or indemnify the Surety in accordance with their obligations under the GIA.

**Count I – Indemnity**

18. The Surety repeats and incorporates by reference the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. As a direct result of the Surety's execution of the Bonds on behalf of its principal, Shaw, and at the request of the Defendants, and based on the payment of claims related thereto, Travelers as surety has sustained losses, and anticipates sustaining further losses in prosecuting this action.

20. The GIA requires that the Defendants hold the Surety harmless from all losses, costs and expenses incurred in connection with the claims on the Bonds.

21. As a result, the Defendants are liable, as indemnitors, to the Surety for all losses, costs, and expenses incurred in relation to any claims on the Bonds it issued on behalf of Shaw.

**Count II - Common Law Indemnity**

22. The Surety repeats and incorporates by reference the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. As a direct and proximate result of Travelers issuance, as surety, of bonds on behalf of its principal, Shaw, and at the request of Shaw, the Surety has sustained losses and expenses, and anticipates sustaining further losses and expenses in prosecuting this claim for indemnity.

24. Pursuant to the Surety's common law right of indemnity, the Indemnitors are liable to the Surety for all past and future losses, costs and expenses incurred in relation to claims on the Bonds, in addition to the costs, expenses and attorneys' fees incurred in prosecuting this action.

## Count III - Breach of Contract

25. The Surety repeats and incorporates by reference the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. The Defendants' failure to comply with the terms of the GIA constitutes a breach of the GIA for which the Defendants are liable.

27. The Defendants' refusal to reimburse the Surety for its losses constitutes a breach of the GIA.

28. The Surety has complied with all conditions precedent to commence this action.

## Count IV - Specific Performance

29. The Surety repeats and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. Pursuant to the Surety's common law rights, as well as its rights set forth in the GIA, the Defendants are required to hold the Surety harmless from any loss, costs or expenses, including attorneys' fees and interest.

31. The Defendants have failed to indemnify the Surety for its losses, costs, expenses, and attorneys' fees.

## Count V - Quia Timet/Exoneration

32. The Surety repeats and incorporates by reference the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. By reason of the Bonds issued by the Surety at the request and on behalf of Shaw, the Surety, if so adjudged, may be compelled to pay and satisfy other potential claims or demands on the Bonds.

34. The Surety possesses the equitable rights of Quia Timet and Exoneration to demand that the Defendants adequately secure or collateralize the Surety prior to any payment by the Surety.

35. The Surety's loss of its equitable right of Quia Timet or Exoneration constitutes an irreparable harm for which there is no adequate legal remedy.

## PRAYER FOR RELIEF

WHEREFORE, the Surety requests that this Court enter a judgment against the Defendants jointly and severally: (1) requiring Defendants to immediately reimburse the Surety for all incurred losses, plus interest, costs, attorneys' fees and any other incurred expenses; (2) to provide collateral to the Surety in an amount necessary to properly protect it against any potential claims; (3) for any and all amounts that might be adjudged against it in the pending claims on the Bonds; and (4) all other relief to which it is entitled.

Respectfully submitted,

TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA

By Its Attorneys,

CharCretia V. Di Bartolo, Bar I.D. #5862
Ranen S. Schechner, Bar I.D. #6943
HINSHAW & CULBERTSON LLP
155 South Main Street
Suite 304
Providence, RI 02903
401-751-0842
401-273-8543 (facsimile)

Date: March 20, 2008



34038472v1 886862